UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
------------------------------------------------- x
PORCELEN LTD CT LLC,

                Plaintiffs,

  -against-

GFG CORPORATION and DERLAN INDUSTRIES
LIMITED

                Defendants.

------------------------------------------------- x

GFG CORPORATION and DERLAN INDUSTRIES
LIMITED,

                Third-Party Plaintiff,

  -against-

ITW BGK, An Illinois Tool Works Company

                Third-Party Defendant.

------------------------------------------------- x

CIVIL ACTION No.:
300CV00994 (RNC)

**MOTION IN LIMINE**

United States District Court
District of Connecticut
FILED AT HARTFORD
1-26-04
Kevin F. Rowe, Clerk
By_____
Deputy Clerk

### DEFENDANTS' MOTION IN LIMINE TO PRECLUDE PLAINTIFF FROM OFFERING TESTIMONY OR EVIDENCE OF ORAL WARRANTIES

#### PRELIMINARY STATEMENT

This motion in limine is submitted herewith, jointly by the defendant, to preclude plaintiff from offering any evidence or testimony concerning oral warranties. The basis of this motion is that any oral warranties are inadmissible and waived pursuant to the provisions of §42a-2-201 of the Connecticut General Statutes and §2-201 of the Uniform Commercial Code.

- 3 -

651148.1

## FACTS OF CASE

The defendant GFG Corporation sold to the plaintiff a Coil Coating Line in June 1997 for a price of $2,000,000, inclusive of training for the operation of the machine. Defendant GFG Corporation retained BGK Corporation to provide training to Porcelen in the use of the coil coating line. Additionally, BGK Corporation designed the ovens that were utilized in the coil coating line.

The plaintiff is in the business of coating coils of tin free steel coated with non-stick coatings for use in the manufacture of non-stick coated cookware. In producing this product, coils of steel are continuously fed into a heated oven and are coated and bonded with the non-stick coating. The surface temperatures of the metal non-stick coating bond during the process of fabrication and can be monitored by many means of temperature measurement, but the plaintiff's chose to monitor by the use of a heat-measuring instrument called a "pyrometer".

The plaintiff is alleging that the defendant GFG failed to instruct Porcelen Ltd. in the operation of the oil coating line, particularly the emissivity setting of the pyrometer which allegedly failed to monitor the surfaces of the metal being bonded. This alleged failure caused the ovens to operate at an increased temperature and this caused the overheating and overbaking of the metal stock being processed by the equipment purchased from our insured. Additionally, the plaintiff is attempting to introduce purported subsequent remedial measures by claiming that since they have utilized a hand held pyrometer, and since its introduction, they have encountered no further problems regarding the operation of the coil coating line.

## ARGUMENT

Section 42a-2-201 of the Connecticut General Statutes and §2-201 of the UCC provide, in relevant part that, except as otherwise provided in this section a contract for the sale of goods for the price of $500 or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker.

Any oral warranties upon which plaintiff relied, or any evidence of oral warranties that conflict with or otherwise modify the terms of the written contract are inadmissible and waivable as a result of the applicable Statute of Frauds, as provided in Connecticut General Statutes 42a-2-201 and UCC 2-201.

There should be no dispute that the UCC applies in the instant case. There should also be no dispute that the defendant and third-party defendant are considered sellers as per the UCC (one who regularly deals in goods of that kind).

UCC 2-314, in relevant part provides that "[u]nless excluded or modified, a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind."

The equipment provided to the plaintiff included an express warranty of merchantability which read in relevant part, as follows:

> "GFG further warrants to (Porcelen) that the Coil Coating Line has been designed properly to meet the operating standards described below and shall be properly manufactured by GFG with good workmanship and materials, fit for the use to which it is intended to be applied by (Porcelen). GFG shall indemnify and hold harmless (Porcelen) from any losses, claims, damages or expenses incurred by (Porcelen) as a result of the

> failure of the Coil Coating Line to perform in accordance with the aforesaid operating standards. The operating standards are that the Coil Coating Line shall be able under ordinary operating conditions to apply and cure the DuPont Silver Stone Teflon coating (or equivalent) on .020 steel @ 70 FPM and that such application and curing may occur at temperatures of 750° to 800° without blistering or without overheating the coating."

Based on the foregoing, there can be no confusion that the defendant, GFG, intended to, and actually did, include warranty of merchantability that may be implied into any sales contract under the UCC.

Plaintiff now seeks to offer evidence that defendants herein made oral warranties expanding and/or differing from the warranty outlined in the sales agreement.

Under general contract principles and the UCC, the sales contract is the final written expression of the agreement between the parties. The parol evidence rule prohibits the introduction of any evidence of any prior agreement, oral or otherwise, that contradicts the terms of the written agreement. (See UCC §2-202).

Plaintiff now seeks to introduce evidence of oral warranties outside the scope of the four corners of the integrated contract. The terms of the written contract must govern in this case. The content within the four elements of the agreement speaks for itself. Assuming plaintiff intends to rely on any oral statements for any alleged misrepresentation, such statements must be precluded by the Court on the basis that they would constitute parol evidence which would contradict the terms of the written contract and thus, be legally inadmissible.

The parol evidence rule is not an evidentiary device, but one of contract law. *Security Equities v. Giamba,* 210 Conn. 71, 553 A.2d 1135 (1989). It is premised on the idea that when parties put an agreement in writing, without any uncertainty therein, it is presumed that the

- 6 -

651148.1

whole understanding as between those parties is reduced to writing. *Heyman Associates No. 1 v. Insurance Company of the State of Pennsylvania, et al.,* 231 Conn. 756, 653 A.2d 122 (1995) citing, *Glendale Woolen Co. v The Protection Ins. Co.,* 21 Conn. 19 (1851).

Parol evidence may be admissible to explain an ambiguity within an agreement. However, under Connecticut law, parol evidence is inadmissible if such evidence varies or contradicts the terms of an agreement or contract. In *TIE Communications, Inc. v. Kopp, et al.,* 218 Conn. 281, 589 A.2d 329 (1991), the Supreme Court of Connecticut found evidence which tended to contradict the terms of a contract irrelevant and therefore inadmissible. "The parol evidence rule does not . . . forbid the presentation of 'parol evidence,' that is, evidence outside the four corners of the contract concerning matters governed by an integrated contract, but forbids only the *use* of such evidence to *vary or contradict the terms* of such a contract. Parol evidence offered solely to vary or contradict the written terms of an integrated contract is, therefore, legally irrelevant." *Id.* at 333.

Under the parol evidence rule, evidence of prior agreements, oral or otherwise, that modifies the terms of the final written contract are inadmissible at trial. The Court in this case would therefore have to decide this case on the information contained within the four corners of the papers.

## CONCLUSION

Any evidence offered by plaintiff concerning oral warranties is inadmissible and waived pursuant to the provisions of §42a-2-201 of the Connecticut General Statutes and §2-201 of the Uniform Commercial Code and should therefore be excluded.

Dated: White Plains, New York
January 26, 2004

        Yours, etc.,

    **WILSON, ELSER, MOSKOWITZ, DELMAN & DICKER LLP**

    By: _____
      Michael William Coffey, Esq.
      U.S. Court Number 18310
      Attorneys for Defendants/Third-Party Plaintiffs,
      GFG Corporation and Derlan Industries Ltd.
      3 Gannett Drive
      White Plains, New York 10604
      (914) 323-7000
      File No.: 02489.00119

TO: Ullman, Perlmutter and Sklaver
   Attorneys for Plaintiff Porcelen
   47 Trumbull Street
   P.O. Box 514
   New Haven, CT 06503-0514

   Carmody & Torrance, LLP
   Attorneys for Third Party Defendant
   ITW/BGK
   50 Leavenworth Street
   Waterbury, CT 06721-1110